n, i Ruffin, O. J.
 

 m. , . . , , The question in this case is as to the mode of estimating the proportion of the husband’s lands, to be allotted to the widow for dower. The law gives her one-third part, and in ascertaining that part, is regard to be had to quantity alone or to value? It must be admitted, we think, that the purposes of justice are best effected by allotting the third in reference to the value. That is the substance of the thing. If quantity alone was to govern, a wide and dangerous latitude would be left to Sheriffs and Jurors acting
 
 in pais,
 
 who might and perhaps often would make an illusive allotment of land of small productiveness and value, or leave to the heir his two thirds, consisting of land not reduced to tillage, or not yielding profits. This principle, that the value shall govern, seems so just iu itself, and has been so generally acted on, that some surprise was excited at seeing the proposition laid down broadly, “ that the jury should at all events give one-third part in quantity and moreover include the buildings, unless, from the value of the buildings compared with that of the land, injustice would be done to the heirs, in which last case a part only of the buildings should be allotted. The very disproportionate values of different parts of the same tract of land, and especially of those parts on which there are or are not buildings and other improvements, would seem naturally to lead every mind to adopt the value and not the quantity as the measure of the respective interests, since the value is a certain and equal standard in every case, and quantity is merely arbitrary, and, in almost every case, would be unequal. We do not find the rule laid down precisely in the old books, but we cannot doubt how it was at common law, since that was a system of law remarkable alike for its justice and uniformity; and we know that in some cases the third was ascertained by the value merely. Co. Lit. 32, a. As if the husband was tenant in common with others, so that the widow could not have an allotment in severalty, but
 
 *64
 
 was obliged to take an undivided third part of her husband’s share. Co. Lit. 32, b. She thereby became one 0f the tenants in common, and if there was a subsequent partition, she would only get her share in value. So, where, from the nature of the estate, she was endowed of the profits, as of offices, a piscary or the like, But in the modern case of
 
 Stoughton
 
 v Leigh, 1 Taunton, 402, we have just such a rule laid down as we should expect the common law to prescribe. It was there distinctly held, that the annual value of mines must be estimated as a part of the value of the estates, of which the widow was to be endowed. The words are,
 
 “ the third part in value
 
 which he (the Sheriff,) should assign to her, might consist, &c.” That very case of mines is so glaring, that we think the law never could have lost sight of value, and had regard only to quantity., — ■ Hence, as it seems to the court, “ one-third part” in the Statute, imports the third in value, unless some qualification had been added, which referred to quantity. But there are other provisions which lead to the same conclusion. One of them is that, which comprehends in the widow’s third the buildings, “ unless they cannot be so applied without injustice to the heirs.” Now it can only be unjust to them, as they increase or diminish the values of the respective shares, and consequently the value must be considered. That was certainly the view of the court in
 
 Stiner v Cawthorn,
 
 4 Dev. &. Bat. 501, when it was said, the widow was to have the mausion house in part of her third, not in addition to it, which could have reference only to the value. Then, there is the third section of the act, Rev. St. c. 121, taken from the act of 1827, c. 46, which, instead of dower in every separate tract, authorizes the jury to allot the whole in one or more tracts, “ having a due regard to the interests of the heirs as well as to the right of the widow.” It was known that it might be beneficial both to the heir and the widow, if the dower were allotted together. To the latter, by having her estate compact and more manageable, and to the former, by avoiding the incumbrance of dower upon each parcel of his estate, which might cut it up inconveniently. Those bene
 
 *65
 
 fits the act meant to promote to each party, and it expressly requires regard to be had to them. But that would be tirely defeated, in respect to the heir, if the jury can allot in one tract, as dower, one-third part in quantity of all the parcels, although it might take the whole productive part of the estate. There is no equality deserving the name, but that constituted by an assignment to thff widow of a duepro-portion of cultivated and of wooded land, so as to vest in the parties respectively one-third and two-thirds of the lands descended, estimated in reference to their productiveness or annual nett profits. It cannot, indeed, be expected, that the values of lands,-not leased but occupied by the husband, can be exactly determined in every case, but it can generally be done nearly enough for the purposes of substantial justice, and on it the rule may properly be rested. In this case the jury gave no heed to it, but did manifest injustice to the heirs by giving one half, instead of one third', of the estate. The judgment must therefore be reversed and’ the report set aside, and a
 
 -procedendo
 
 awarded to the Superior Court, directing that a new writ shall be issued, and other proceedings had thereon' according to law.
 

 Per Curiam-. Ordered accordingly.